**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------X
In re:                                                              :        CHAPTER 11
                                                                         :
                                                                         :
LATEX FOAM INTERNATIONAL, LLC.;  :        CASE NO. 14-50845
PURE LATEX BLISS LLC.;                         :        CASE NO. 14-50846
LATEX FOAM INTERNATIONAL           :        CASE NO. 14-50847
   HOLDINGS, INC.;                                   :
PLB HOLDINGS, LLC                              :        CASE NO. 14-50848
 LATEX FOAM ASSETS                           :        CASE NO. 14-50849
   ACQUISITION, LLC                             :
                                                                         :        Jointly Administered under
                          Debtors                         :        Case No. 14-50845
---------------------------------------------------------X

**PRELIMINARY ORDER AUTHORIZING USE OF CASH
COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

THIS MATTER came before the Court for hearing on June ___, at _:___ p.m., pursuant to the Debtors' Motion For Authority To Use Cash Collateral and To Provide Adequate Protection (the "Motion") and the Court having considered the relief requested in the Motion, and having considered arguments of counsel and all interested parties present before the Court, and there being due and sufficient notice of the hearing on the Motion, it is found:

1.       On May 30, 2014 (the "Petition Date"), Latex Foam International, LLC, ("LFI"), Latex Foam International Holdings, Inc. ("Holdings"), PLB Holdings, LLC ("PLB Holdings"), Pure Latex Bliss, LLC ("PLB") and Latex Foam Assets Acquisition, LLC ("Acquisitions") (collectively the "Debtors") filed a voluntary petition for the relief afforded by Chapter 11, Title 11, U.S.C. §§1101 et seq., (the "Code"). In accordance with §§1107 and 1108 of the Code, the Debtor continues in possession of its properties and to operate and manage its business as a debtor-in-possession.

2.       As of the Petition Date, Wells Fargo Bank, N.A. ("Wells Fargo"), alleges a first

1

priority secured claim against all of the Debtors' assets, including the Debtors' cash and accounts receivable.

3. It is essential to the Debtors' business and operations, and the preservation of the value of its assets, that it obtain a preliminary order authorizing it to use cash receipts to pay business expenses necessary to avoid irreparable harm to the estate. Without the use of its cash collateral, the Debtor will suffer irreparable harm and the value of its assets will greatly diminish or be destroyed.

4. The Court finds that it is in the best interests of the estate, Wells Fargo and all creditors, and parties-in-interest; and it is necessary to avoid irreparable harm to the Debtors and their estates that the preliminary use by the Debtors of cash collateral on the terms and conditions set forth herein be approved, and the Court hereby

ORDERS that:

a. Pursuant to 11 U.S.C. § 363(c)(2)(B), the Debtors are hereby authorized to use cash collateral, including proceeds from the Debtors' accounts receivable, which cash collateral may be subject to the liens of Wells Fargo. The Debtors may use any cash collateral in accordance with the budget annexed hereto as **Exhibit "A"** (the "Budget") with a variance of 10% permitted for the period from the Petition Date through June 30, 2014. The use of cash collateral for the expenses identified in the Budget is necessary to prevent irreparable harm to the estate.

b. In exchange for the preliminary use of cash collateral by the Debtors, and as adequate protection for Wells Fargo's interests therein, Wells Fargo is hereby granted replacement and/or substitute liens (subject only to the carve-out in paragraph (j) of this Order) as provided in Code § 361(2) in all post-petition assets of the Debtor and proceeds thereof, excluding any bankruptcy avoidance causes of action, and such replacement liens shall have the

same validity, extent, and priority that Wells Fargo possessed as to said liens on the Petition Date.

  c. It is the purpose and intent of this Order to allow the Debtors to use accounts receivable which may constitute cash collateral of Wells Fargo on a revolving basis and to provide Wells Fargo with liens upon post-petition assets to the extent that Wells Fargo held valid liens as of the Petition Date, so that their interests therein will not be diminished during the pendency of these Chapter 11 cases. The secured position of Wells Fargo that existed on the Petition Date may not improve by virtue of the granting of the replacement liens as set forth herein.

  d. The term for use of cash collateral shall be for a period through and including June 30, 2014.

  e. The Debtors and their officers and agents are authorized and directed to execute, file, and record any security agreements, financing statements, instruments, or other documents as may be reasonably requested by Wells Fargo to evidence and/or perfect the liens and/or security interests granted herein. Wells Fargo is hereby authorized to file and/or record any such documents, and the automatic stay pursuant to Code § 362 is hereby modified to allow Wells Fargo to file and record such documents as are necessary to evidence and perfect the replacement liens granted herein.

  f. Notwithstanding any provision of this Order, nothing herein shall be deemed to be an adjudication or a declaration by the Court of rights with respect to the existence, validity, enforceability, subordination or priority of, or any causes of action relating to the liens or security interests granted by the Debtors or possessed by Wells Fargo prior to the Petition Date. This Order does not provide for cross collateralization. This Order is without prejudice to any party-in-interest challenging the validity of liens of Wells Fargo.

      g.      Nothing herein shall be deemed to prevent Wells Fargo from seeking to terminate the use of cash collateral for any breach by the Debtors of the terms hereof or to obtain relief from the automatic stay or to assert any other rights, claims, remedies, or defenses available to them.

      h.      The Debtors shall provide to Wells Fargo monthly statements reflecting the financial activity of the Debtors and such additional information, statements, and reports concerning the Debtors' financial condition and its assets at the reasonable request of Wells Fargo.

      i.      The liens of Wells Fargo and any replacement thereof pursuant to this Order, and any priority to which Wells Fargo may be entitled or become entitled under § 507(b) of the Bankruptcy Code, shall be subject and subordinate to a carve-out of such liens for amounts payable by the Debtor for (i) fees of the United States trustee under § 1930(a)(6) of Title 28 of the United States Code; (ii) wages due the Debtors' employees and (iii) court approved fees of the Debtors' professionals.

      j.      A final hearing in the Debtors' Motion for Authority to Use Cash Collateral shall be held on June___, 2014 at _____ a.m.

EXHIBIT A
Latex Foam International LLC Consolidated
Cash Flow Projection Worksheet
$(000's)

Latex International 13 Week Cash Flow Forecast

| | 1 | 2 | 3 | 4 | Jun-14 |
|---|---|---|---|---|---|
| Week ending | 6-Jun | 13-Jun | 20-Jun | 27-Jun | |
| Goodyear/BASF/SBR | 111 | 111 | 111 | 111 | 442.1 |
| Tiarco - Octocure554T (weekly) | 49 | 0 | 49 | 0 | 98.0 |
| Tiarco - Octosol449 (weekly) | 18 | 0 | 0 | 18 | 35.6 |
| Tiarco-specialty (DPG,ZDE,Zinc/oncepermo) | 3 | 14 | 3 | 14 | 34.2 |
| Praxair/Esquire/CO2 | 8 | 8 | 8 | 8 | 30.0 |
| Feldspar/Minspar200 (weekly) | 3 | 3 | 3 | 3 | 11.7 |
| Microtek/BASF/Celsion (once per mo) | 0 | 10 | 0 | 10 | 20.6 |
| GL-4153 Polyurethane Gel | 0 | 0 | 0 | 24 | 24.0 |
| Anthracite/Graphite | 0 | 0 | 0 | 3 | 3.0 |
| DeWolf - Cream of Tartar | 0 | 1 | 0 | 1 | 2.0 |
| Frekote (twice per month) | 3 | 3 | 3 | 3 | 10.9 |
| PolyOne - Geon 471 (once per month) | 0 | 5 | 0 | 5 | 10.0 |
| Cmp Freight (Pittman, Dana, Martell, Shipley | 3 | 3 | 3 | 3 | 12.0 |
| Global Pallets/Pallet Outlet | 5 | 5 | 5 | 5 | 20.0 |
| Unicorr - Corrugated | 10 | 10 | 10 | 10 | 40.0 |
| Carter-McLeod | 2 | 2 | 2 | 2 | 8.7 |
| Tissue Paper (once per month) | 2 | 3 | 2 | 3 | 8.0 |
| Quilt Backing (twice per month)-Hanes | 0 | 2 | 0 | 2 | 4.0 |
| Pillow (Ruckel/Royal/Abs Knits/Velocity) | 20 | 20 | 20 | 20 | 80.0 |
| Unilatex/Poly/Artilat | 5 | 0 | 5 | 0 | 10.0 |
| **Total Latex & Other Raw Materials** | **321** | **279** | **303** | **324** | **1,226** |
| Freight (Fracht, K&N, SPC, R&R, Unisource) | | | | | |
| Fracht/Raia/Schneider | 15 | 15 | 15 | 15 | 60.0 |
| 3 Trucks per week to LITX | 9 | 9 | 9 | 9 | 36.0 |
| R&R/SPC/Bemak/JB Hunt | 25 | 25 | 25 | 25 | 100.0 |
| Unisource | 75 | 75 | 75 | 75 | 300.0 |
| UPS/FedEx | 10 | 10 | 10 | 10 | 40.0 |
| **Total Freight Costs** | **134** | **134** | **134** | **134** | **536** |
| Other Mfg/Plant Costs | | | | | |
| LITX Plant/Supplies/Glue/Pallets | 5 | 5 | 5 | 5 | 20.0 |
| CT Fabrication/Supplies/Glue | 5 | 5 | 5 | 5 | 20.0 |
| Electricity | 0 | 0 | 0 | 100 | 100.0 |
| Gas | 0 | 0 | 0 | 80 | 80.0 |
| MRO/Maint/Supplies/Plant | 15 | 15 | 15 | 15 | 60.0 |
| Waste Water/United Industrial/Tradebe | 13 | 13 | 13 | 13 | 52.0 |
| Water/BHC/Drum Waste | 8 | 8 | 8 | 8 | 32.0 |
| **Total Other Mfg/Plant Costs** | **46** | **46** | **46** | **226** | **364** |
| Facility Costs | | | | | |
| River Road Facilities | 5 | 5 | 5 | 5 | 20.0 |
| Facility Rents | | 45 | 16 | 42 | 103.0 |
| **Total Facility Costs** | **5** | **50** | **21** | **47** | **123** |
| Bliss Material Costs | | | | | |
| BLISS/Colonial/EC Retail | 10 | 10 | 10 | 10 | 40.0 |
| Lava/Lebanon - | 50 | 50 | 50 | 50 | 200.0 |
| Hickory/WG&R - foundations | 20 | 20 | 20 | 20 | 80.0 |
| **Total Bliss Material Costs** | **80** | **80** | **80** | **80** | **320** |
| **Total Operating & Mfg Costs** | **586** | **589** | **584** | **811** | **2,569** |
| Other Costs | | | | | |
| Hourly Wages - LINE | 15 | 12 | 12 | 12 | 51.0 |
| Hourly Wages - LITX | 7 | 7 | 7 | 7 | 28.0 |
| Hourly Wages & benefits - Foam Factory | 62 | 50 | 50 | 50 | 210.8 |
| Biweekly Salaries | 157 | | 106 | | 263.0 |
| 401k | 3 | 13 | 3 | 13 | 32.0 |
| **Total Payroll** | **244** | **82** | **178** | **82** | **585** |
| Other Admin & Employment Costs | | | | | |
| Medical/Dental | 0 | 0 | 150 | 0 | 150.0 |
| Accounting/IT/Mktg/Legal/HR | 15 | 15 | 15 | 15 | 60.0 |
| **Total Other Admin/Employment Costs** | **15** | **15** | **165** | **15** | **210** |
| Selling & Marketing Costs | | | | | |

**Latex Foam International LLC Consolidated**

Latex International 13 Week Cash Flow Forecast

| | | | | | |
|---|---:|---:|---:|---:|---:|
| Travel Expenses - Admin/Ops/Sales | 10 | 0 | 10 | 0 | 20.0 |
| **Total Selling & Mktg Costs** | **10** | **0** | **10** | **0** | **20** |
| | | | | | |
| BLISS Selling Costs | | | | | |
| BLISS Travel Expenses | 15 | 0 | 15 | 0 | 30.0 |
| BLISS Marketing/Admin/RSA/Rebates | 10 | 10 | 10 | 10 | 40.0 |
| **Total BLISS Selling Costs** | **25** | **10** | **25** | **10** | **70** |
| | | | | | |
| All Other Costs, incl Insurance/Taxes | | | | | |
| Bank Principal & Interest/CC Fees | | | | | 0.0 |
| Insurance (workers comp/liability) | | 42 | | | 42.0 |
| Property Insurance | 32 | | | | 32.0 |
| Domestic and Export Credit Insurance | | | | | 0.0 |
| Capital expenditures | | | | | 0.0 |
| OSHA/DEEP | | | | | 0.0 |
| Other/Taxes | | | | | 0.0 |
| Over Advance Payment/Restructuring | | | | | 0.0 |
| | | | | | |
| **Total All Other Costs, incl Insurance/Taxes** | **32** | **42** | **0** | **0** | **74** |
| | | | | | |
| **Total Other Expenses** | **326** | **149** | **378** | **107** | **959** |
| | | | | | |
| **Total Disbursements** | **912** | **738** | **961** | **918** | **3,528** |